Solnin v. Sun Life and Health Insurance Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
10th day of September, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             REENA RAGGI,
                  *Circuit Judges.*

_____

JANET SOLNIN,

        *Plaintiff-Appellant*,

                v.                                              18-3042-cv

SUN LIFE AND HEALTH INSURANCE COMPANY,
GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,
GE GROUP LIFE ASSURANCE COMPANY,
PHOENIX LIFE INSURANCE COMPANY,

        *Defendants-Appellees*.

_____

Appearing for Appellant:     Scott M. Riemer, Riemer & Associates, LLC, New York, N.Y.

Appearing for Appellee:      Joshua Bachrach, Wilson Elser Moskowitz Edelman & Dicker
                             LLP, Philadelphia, PA.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of said District Court be and it hereby is **AFFIRMED**.

Janet Solnin appeals from that part of the October 9, 2018 amended judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*) awarding her $222,320.94 in attorneys' fees, plus costs and interest. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Solnin first argues that the district court exceeded the bounds of its discretion by not awarding attorneys' fees based on the higher rates typically awarded in the Southern District of New York. *See Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (reviewing attorneys' fees for abuse of discretion). To determine attorneys' fees, courts in this Circuit apply the forum rule, using "hourly rates employed in the district in which the reviewing court sits." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (internal quotation marks omitted). "[T]o rebut the presumption that the forum rule applies, the party seeking higher fees must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* (internal quotation marks omitted). We find no fault with the district court's decision to award fees at the Eastern District rate.

Solnin next argues the district court erred in considering evidence submitted regarding current hourly rates for ERISA attorneys in the Eastern District. In an affirmation, counsel states that his $720-per-hour billing rate is paid by his clients with litigation in the Eastern District. Counsel supplies no particularized evidence of such collections. In any event, he fails to show that the hourly rates charged by his firm are the prevailing Eastern District rates for litigating ERISA claims. Not only does counsel fail to offer evidence of general district rates, but also his affirmation indicates that his firm's hourly rates apply only to prelitigation representation—i.e. filing disability applications and exhausting ERISA claim procedures—and not to litigation, for which his firm only represents clients on a contingency fee basis.

Thus, the record does not demonstrate that ERISA litigants in the Eastern District would be willing to pay the requested hourly rates to litigate their claims. A "reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N. Y. State Office of Mental Health, Cent. N. Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (internal quotation marks omitted). The rates requested by counsel would have resulted in a $502,456.50 fee, which greatly exceeds the $188,936.77 judgment awarded to Solnin. We are not convinced that a "reasonable, paying client" in an ERISA litigation would be willing to pay an hourly rate resulting in attorneys' fees so far in excess of the amount of recovery, even considering the successful procurement of future benefits in this case. *Id.*

We have considered the remainder of Solnin's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk